UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **In re:**<br><br>**Leisure Time Warehouse, Inc.,**<br><br>　　Debtor | Chapter 11<br>Case No. 08-11636-MWV<br><br>Hearing: 5/12/09 at 11:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTOR'S DISCLOSURE STATEMENT DATED MARCH 17, 2009**

To the Honorable Mark W. Vaughn, Chief United States Bankruptcy Judge:

Pursuant to 28 U.S.C. § 586(a)(3)(B), 11 U.S.C. § 1125, and Fed. R. Bankr. P. 3017, the United States Trustee submits this Objection to the Disclosure Statement Dated March 17, 2009 Pertaining to Reorganization of Reorganization [*sic*] of Even Date ("Disclosure Statement"), filed by Leisure Time Warehouse, Inc. ("Debtor"), as follows:

　　1.　　***Clarification regarding Treatment of Creditors.***

　　Class One / Dimension Contingent Secured Claim:  Creditor Dimension Industries Co., Ltd. has filed a secured claim of $120,000 against the Debtor[1].  *See* Claim No. 12.  In its Disclosure Statement, the Debtor states that it "will pay Dimension $50,000 in full satisfaction of its allowed claim as follows: (a) $10,000 on the Effective Date and (b) $40,000 no later than September 8, 2009."  Disclosure Statement, p. 4, ¶ B(1).  This conflicts with the provisions of the Plan which provide that the Dimension claim will be conditionally allowed in the amount of $112,000, and that the "Dimension Allowed Secured Claim" as either agreed to by the parties or

---

[1] Dimension has also filed an unsecured claim in the amount of $70.423.15, which does not appear to be accounted for in the Debtor's Disclosure Statement or Plan. *See* Claim No. 12.

ordered by the Court, "shall be paid in full, with interest…in 60 equal blended monthly instal[l]ments." Plan, at p. 6.

<u>Class Three / Administrative Claims Class</u>: The Debtor's Disclosure Statement should include in this Class claims held by the United States Trustee for outstanding quarterly fees due at confirmation. *See* Disclosure Statement, p. 5 at ¶ 3. As of the filing of this objection the Debtor owes $1,950 in quarterly fees for quarters ending December 31, 2008 and March 3, 2009.

The Debtor states that it will "grant the Allowed Administrative Creditors a third priority, statutory power of sale mortgage of the Premises," though the Debtor does not own any real property. *See id.* This language should be clarified or omitted altogether.

<u>Class Six / General Unsecured Claims Class</u>: Debtor's Disclosure Statement should estimate the total amount of unsecured claims, and should also explicitly disclose when and how much unsecured creditors will be paid. *See* Disclosure Statement, p. 5 at ¶ 6.

<u>Class Seven / Equity Holder Class</u>: The Debtor states that this class "includes the equity interests held by Laine Chase." *Id.* at pp. 6-7. Upon information and belief, the President and 100% shareholder of the Debtor is Lisa Chase. *See* SOFA # 21(b).

2. ***Clarification regarding Settlement with Custom Plastics.*** Creditor Custom Plastics has filed an unsecured claim against the Debtor in the amount of $196,203.90. *See* Claim No. 2. The Debtor states that it will "compromise and settle the asserted Custom Plastics [claim] for the sum of $15,000 pursuant to the Debtor's Motion for Order Approving Settlement with Custom Plastics or file an objection to the claim." Disclosure Statement, p. 7 at ¶ 3. No such motion is yet on file with the Court. Given the disparity between the amount of the unsecured claimed asserted by Custom Plastics and the amount of the proposed settlement, the Debtor should clarify whether an agreement with Custom Plastics has in fact been reached,

2

and/or when a motion approving the settlement will be filed. In order for creditors to adequately evaluate and assess the Debtor's Plan, the Debtor must provide further information with regard to this possible settlement and the Debtors' evaluation of the same.

      3.    ***Clarification regarding Assignment of Purchase Option and Related Causes of Action.*** The Debtor reports that it does not have the capacity to borrow the money necessary to exercise the Business Premises Purchase Option and will assign the option to its President and sole shareholder, Lisa Chase. *See* Disclosure Statement, p. 7 at ¶ 5; and p.8. The Debtor should clarify its disclosure to state what consideration it will receive for the assignment of the option and associated cause of action, which it had valued at approximately $650,000 as of the petition date. *See id.* at p. 7, ¶ 2.

      4.    ***Liquidation Analysis.*** On Schedule B of its petition, the Debtor lists personal property including cash, bank accounts, trade receivables, vehicles, equipment and inventory valued at $671,826.76. *See* Schedule B. The Debtor, however, addresses only inventory (valued at $450,000) in its liquidation analysis, leaving $221,826.76 worth of personal property unaccounted for. *See* Disclosure Statement, p. 11 at ¶ D. The Debtor's liquidation analysis should address all personal property listed on the petition or explain its reasons for not doing so.

      The Debtor should also state the basis for its assertion that "General Unsecured Creditors would receive nothing in a liquidation," because the "property of the estate is more probably than not less than the estimated amount due Dimension." *Id.* at 11-12. While Dimension filed claims against the Debtor totaling $190.423.15 (*see* Claim No. 12), the Debtor lists assets valued at $671,826.76 on Schedule B, and purports to hold a Business Premises Purchase Option worth approximately $650,000. The Debtor does state that inventory valued at $450,000 would net less than $80,000 if liquidated, but provides no factual or legal basis for that belief. If it is the

Debtor's contention that the Business Premises Purchase Option is of no value, it should so state and should also explain the basis for that valuation.

5. *Clarification regarding Owner's Draw.* At page 10 of the Disclosure Statement, the Debtor states that "[n]o salary or other compensation shall be paid to any director of the Debtor for services rendered to the Debtor in that capacity." Disclosure Statement, p. 10. Debtor's projected expenses, however, include $64,000 for "Owner's Draw" in Year 1 and $75,000 in each of Years 2 through 5. *See* Plan, Exhibit D. Debtor's Disclosure Statement should clarify that although neither Lisa Chase nor Laine Chase will be paid a salary for their management of the corporation, Lisa Chase will be drawing dividends or money from the Debtor for personal use, if such is the case.

6. *Clarification regarding Debtor's Projected Income and Expenses.* Debtor's Disclosure Statement fails to fully explain the factual basis and business assumptions on which the Debtor's projected disposable income and expenses are grounded. Attached as Exhibit D to the Plan is the Debtor's five-year projection of income and expenses. *See* Plan, Exhibit D. While the Debtor's business costs and income appear to fluctuate seasonally, monthly averages based on the Debtor's projections would be as follows:

| Plan Year | Average Monthly Sales | Average Monthly Expenses |
|---|---|---|
| 1 | $125,416.67 | $114,389.08 |
| 2 | $126,437.50 | $120,408.50 |
| 3 | $132,759.42 | $124,866.42 |
| 4 | $139,397.33 | $130,276.42 |
| 5 | $146,367.25 | $139,977.75 |

*See id.*

7.      The average monthly income and expense amounts projected for Year 1 are almost double what the Debtor's average monthly gross income has been throughout the history of this chapter 11 case.  According to monthly operating reports filed by the Debtor for the time period of June 10, 2008 through December 31, 2008[2], the Debtor has averaged approximately $62,908.27 in income and $48,653.79 in expenses on a monthly basis:

| Month / Time Period | Income / Sales | Cost of Goods Sold and Operating Expenses |
|---|---|---|
| June 10, 2008 – July 31, 2008 | $185,104.77 | $137,666.04 |
| August 2008 | $ 98,894.26 | $ 60,849.57 |
| September 2008 | $ 83,642.22 | $ 91,734.50 |
| October 2008 | $ 12,343.74 | $ 16,320.43 |
| November 2008 | $ 33,562.46 | $ 19,935.96 |
| December 2008 | $ 11,991.42 | $  2,608.88 |
| TOTAL | $425,538.87 | $329,115.38 |
| MONTHLY AVERAGE (Weekly average times 4.33, because June reporting was for a partial month) | $ 62,908.27 | $ 48,653.79 |

*See* Court Docket Nos. 66, 68, 69, 95, 117, 125.  These averages are in keeping with the income level reported by the Debtor on its Statement of Financial Affairs for the first half of 2008.  *See* SOFA #1 (listing year-to-date sales through June 25, 2008 of $350,000).  The Debtor's Disclosure Statement should clarify or address the reasons why it believes income and expenses will double in the coming years.

---

[2] The Debtor has not filed monthly operating reports for January, February, or March 2009.

5

WHEREFORE, the United States Trustee requests that the Court deny approval of the Debtor's Disclosure Statement Dated March 17, 2009 Pertaining to Reorganization of Reorganization [*sic*] of Even Date until these issues are resolved, and for such other and further relief as is just.

                                              Respectfully submitted,

                                              PHOEBE MORSE,

                                              United States Trustee

Dated: April 15, 2009

                                  By:    <u>/s/ Ann Marie Dirsa</u>
                                              Ann Marie Dirsa BNH 06121
                                              Office of the U.S. Trustee
                                              1000 Elm Street, Suite 605
                                              Manchester, NH 03101
                                              (603) 666-7908

## **CERTIFICATE OF SERVICE**

I, Ann Marie Dirsa, hereby certify that on this date I caused to be served a copy of the foregoing on the parties below by ECF:

    William Gannon, Esq.
    Mary Keohan Ganz, Esq.
    Daniel R. Hartley, Esq.
    Charles W. Grau, Esq.
    Joshua E. Menard, Esq.
    John M. Sullivan
    William F. Martin, Jr.
    Steven M. Notinger
    Peter N. Tamposi
    R. Carl Anderson

Dated:  April 15, 2009                                    <u>/s/ Ann Marie Dirsa</u>
                                                          Ann Marie Dirsa